ELLEN F. ROSENBLUM
Attorney General
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
NATHAN RIEMERSMA #164699
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Robert.Sullivan@doj.state.or.us
        Nathan.K.Riemersma@doj.state.or.us

Attorneys for Defendants Balogun, Bristol, Bugher, DiGiulio, Gulick, Harris, Hemphill, Koltes, and Paulson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARY ROBISON,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER DIGIULIO, JOE BUGHER, REED PAUSLON, DANIEL DEWSNUP, THOMAS BRISTOL, GARTH GULICK, BYRON HEMPHILL, LISA KOLTES, MORIAM BALOGUN, KAREN HARRIS, JOHN AND JANE DOES #1-#5, as members of the Therapeutic Level of Care Committee,<br><br>    Defendants. | Case No.  3:19-CV-02072-HZ<br><br>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS |

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This action is currently pending in U.S. District Court Case Number 3:19-CV-02072-HZ ("Action"). The parties to this Action are Gary Robison, represented by Ethan Levi, and Lia Koltes, Warren Roberts, Karen Harris, Chirstopher DiGiulio, Joseph Bugher, Daniel Dewsnup,

Page 1 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 1 of 7
Case No. 3:19-CV-02072-HZ

Reed Paulson, Moriam Balogun, Heidi Miller, Garth Gulick, Thomas Bristol, Andrew Glass, Bryon Hemphill, represented by Robert E. Sullivan and Nathan Riemersma ("Parties"). This action concerns a dispute between the Parties regarding medical treatment of Plaintiff's knee during his incarceration. The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement"). The effective date of this Agreement is the date the agreement is fully executed by the Parties below.

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for Plaintiff's Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of One Hundred Thousand Dollars $100,000 ("settlement payment").

**Plaintiff's Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendants and all those in interest with them, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that were raised or could have been raised in this Action.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the Oregon Department of Justice and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may

Page 2 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 2 of 7
Case No. 3:19-CV-02072-HZ

develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence:** The Parties agree that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Plaintiff is Responsible for all Subrogation and Liens:** Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law-including, but not limited to, subrogation or lien claims of or related to health care providers, insurance carriers (including personal injury protection or "PIP"), workers' compensation carriers, attorneys, and any federal or state agency or programs such as Medicare, Medicaid, or Social Security-are the sole and separate obligation of plaintiff which plaintiff agrees to pay or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against all such lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:** By signing below, plaintiff declares under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C. § 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties for

Page 3 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 3 of 7
Case No. 3:19-CV-02072-HZ

any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands this settlement may impact, limit or preclude plaintiff's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit.

**No Tax Representations:** No party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the settlement payment for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. **The Released Parties, as part of their reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The Released Parties reserve the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law. Plaintiff is solely responsible for the tax consequences of settlement payment, and plaintiff agrees not to hold the Released Parties responsible for taxes due.**

**Entire Agreement:** This Agreement contains and constitutes the entire agreement and understanding of the Parties, notwithstanding any and all prior negotiations, discussions, undertakings or agreements made in arriving at this Agreement. There are no representations, agreements, or inducements between the Parties except as set forth expressly and specifically in this Agreement. Any benefits provided to or accommodations reached with the Parties during the negotiation of this Agreement that are not described in this Agreement were made solely in the discretion of the Parties and are not part of the consideration for or the terms of this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties. This Agreement does not establish a precedent in the settlement of any current

Page 4 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 4 of 7
Case No. 3:19-CV-02072-HZ

or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully understands the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement

Page 5 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 5 of 7
Case No. 3:19-CV-02072-HZ

after voluntarily.  Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:**  The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party.  Counsel for plaintiff shall file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Additionally, counsel for the defendant[s] shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095. The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:**  This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:**  This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

**IT IS SO AGREED TO BY THE PARTIES:**

_____/s/ Gary Robison_____       DATED this 23rd day of July, 2021.
**GARY ROBISON**
Plaintiff

Subscribed and sworn to before me this 23rd day of July, 2021, in the State of Oregon, County of Marion.

OFFICIAL STAMP
SHELBY BREANN LUND
NOTARY PUBLIC - OREGON
COMMISSION NO. 1013754
MY COMMISSION EXPIRES JUNE 15, 2025

_____
Notary Public for Oregon
My commission expires: June 15, 2025

Page 6 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
RS/bl2/10076073-v2

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 6 of 7
Case No. 3:19-CV-02072-HZ

_s/ Warren Roberts_  
**WARREN ROBERTS**, M.D.  
Chief Medical Officer, Oregon Department of Corrections

DATED this __2__ day of August, 2021

**APPROVED AS TO FORM:**

**ETHAN LEVI**, OSB #994255  
Attorney for Plaintiff

DATED this __28th__ day of July, 2021.

_s/ Nathan Riemersma_ #164699 for Robert Sullivan  
**ROBERT E. SULLIVAN**, OSB #983539  
Senior Assistant Attorney General  
Attorney for Defendant State of Oregon

DATED this __4__ day of August, 2021

Page 7 - SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS  
RS/bl2/10076073-v2

Department of Justice  
1162 Court Street NE  
Salem, OR 97301-4096  
(503) 947-4700 / Fax: (503) 947-4791

Exhibit 1 Page 7 of 7  
Case No. 3:19-CV-02072-HZ